**In re Jose L. MARTINEZ and Diane M. Martinez, Debtors.**

**Bankruptcy No. 94–30827.**

United States Bankruptcy Court, N.D. Ohio, Western Division.

July 29, 1994.

H. Buswell Roberts, Jr., Trustee, Toledo, OH.

J. Vincent Buchanan, Risingsun, OH, for debtors.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court sua sponte upon a Motion for Dismissal pursuant to 11 U.S.C. § 707(b). At the Hearing, the Parties were afforded the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The record remained open pending submission of Amended Schedules I and J by Debtors and remarks from the Trustee after holding the Meeting pursuant to 11 U.S.C. § 341. The Trustee filed a Report on June 6, 1994 and affixed thereto copies of Amended Schedules I and J. The Court has reviewed the entire record in the case. Based

upon that review and for the following reasons, the Court finds that the Motion for Dismissal should be Denied.

### FACTS

Debtors are married with one (1) child, aged two (2) years and one (1) child whose projected date of birth is during September, 1994. The sole source of support for Debtors' family is from Jose Martinez' employment as a laborer for Allied Signal Autolite Division. Debtor Jose Martinez earns gross and net monthly income of Two Thousand Three Hundred Ninety-one and 55/100 Dollars ($2,391.55) and One Thousand Nine Hundred Nine and 33/100 Dollars ($1,909.33) respectively.

According to Debtors' Amended Schedules, their current monthly expenditures total One Thousand Nine Hundred Ninety-six and 00/100 Dollars ($1,996.00). Included within this amount are monthly expenditures of Thirty and 00/100 Dollars ($30.00) on recreation, clubs, entertainment, newspapers and magazines and Two Hundred Twenty and 00/100 Dollars ($220.00) for charitable contributions. Debtors' projected monthly child care expenses associated with the impending birth total Two Hundred Sixty-three and 00/100 Dollars ($263.00).

Debtors filed for relief pursuant to Chapter 7 of the Bankruptcy Code on April 8, 1994. On April 18, 1994, the Court, sua sponte, filed a Motion for Dismissal under the provision of 11 U.S.C. § 707(b). During the Hearing which was convened on May 16, 1994, the Court granted Debtors leave to amend Schedules I and J. The Trustee was invited to make remarks after the 341 Meeting which was conducted on June 1, 1994. The Trustee filed a Report on June 6, 1994 and a Report of no assets on June 23, 1994. The Trustee's Report advised the Court that the Debtors' expenses exceed their monthly income; that there appears to be no net income from which to pay the unsecured creditors; and that pursuant to the standards established by the United States Trustee's Office, this case does not warrant submission for prosecution as a "substantial abuse" case.

### LAW

11 U.S.C. § 707(b) reads as follows:

(b) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request of suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

### DISCUSSION

This case is a core proceeding under 28 U.S.C. § 157(a)(2)(A); and this Court has jurisdiction over the parties and subject matter hereto pursuant to 28 U.S.C. § 1334.

■ To succeed under Section 707(b), there must be proof that the indebtedness is primarily consumer debt and that the granting of a discharge would be a substantial abuse of the provisions of Chapter 7. The burden is upon the movant to overcome the statutorily imposed presumption of granting a discharge to the debtor. *See* 11 U.S.C. § 707(b).

■ Consumer debt is defined under 11 U.S.C. § 101(8) as debt incurred by an individual primarily for a personal, family, or household purpose. The debtor has "primarily consumer debt" when more than one-half of the dollar amount owed is consumer debt. *In re Farrell,* 150 B.R. 116 (Bkrtcy.D.N.J. 1992) (citing *In re Kelly,* 841 F.2d 908, 913 (9th Cir.1988)).

■ The Bankruptcy Code has failed to define substantial abuse; however, the Sixth Circuit has adopted a standard of review based upon the totality of circumstances. *See In re Krohn,* 886 F.2d 123 (6th Cir.1989). In determining whether to dismiss a Chapter 7 case for substantial abuse under 11 U.S.C. § 707(b), the Court must consider whether the debtor is merely seeking an advantage over the creditor or is honest and undeceptive in his dealings with the creditor and

whether the debtor is needy in the sense that his financial predicament warrants the discharge of debts in exchange for liquidation of assets. *Id,* at 126 (citing 4 *Collier on Bankruptcy* ¶ 707.07 at 707–20 (15th ed. 1989)).

 Substantial abuse can be predicted upon either lack of honesty or want of need. *Id,* at 126. Factors to consider in determining debtor's honesty include whether debtor has exhibited bad faith in filing the petition or schedules or engaged in any "eve of bankruptcy" purchases; and whether debtor has suffered any unforeseen calamity or is merely using the Chapter 7 proceedings to garner relief from past excesses. *In re Krohn,* 78 B.R. 829 (Bkrtcy.N.D.Ohio 1987) *aff'd,* 886 F.2d 123 (6th Cir.1989).

The factors to be considered in determining whether a debtor is needy include whether debtor enjoys a stable source of future income; whether he is eligible for adjustment of his debts through Chapter 13 of the Bankruptcy Code; whether there are state remedies which may ease the financial burden; the degree of success through private negotiations for relief; and whether expenses may be reduced without deprivation of food, shelter and other necessities. *Id.,* at 126–127 (citing *In re Walton,* 866 F.2d 981, 984–985 (8th Cir.1989)).

With the exception of a debt owed to Ohio Bell Telephone Company of One Hundred Forty-six and 05/100 Dollars ($146.05), all of Debtors' liabilities totalling Thirteen Thousand Three Hundred Sixty-four and 29/100 Dollars ($13,364.29) include medical and medical related services. The nature of the indebtedness indicates that these debts were legitimately incurred by Debtors' family for a personal or family purpose. Since all of the total indebtedness is consumer debt, Debtors have "primarily" consumer debt as defined in 11 U.S.C. § 707(b).

The facts derived from the Petition, Schedules, Amended Schedules, and Report of the Trustee indicate that Debtors are not seeking an advantage over their Creditors and that their financial predicament warrants the discharge of their debts in exchange for liquidation of assets.

Mr. Martinez commenced his present employment on September 14, 1992. When Debtors' income is offset by the indebtedness, there is no eligibility for relief under Chapter 13 without deprivation of food, shelter and other necessities. Under the present budget, even if the Debtors engage in old fashioned belt tightening the expenses associated with an additional child will supplant the amount spent on recreation, clubs, entertainment, newspapers, and charitable contributions.

This Court finds that based upon the Petition, Schedules, Amended Schedules and the Report of the Trustee, Debtors' financial predicament has been exacerbated by incessant medical bills whose repayment is untenable based upon present familial income and circumstances. There is insufficient evidence which overcomes the statutorily imposed presumption of granting Debtors a discharge. Further, there is no evidence that the granting of a discharge to Debtors constitutes a "substantial abuse" of the provisions of Chapter 7.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly, it is*

**ORDERED** that the Court's Motion for Dismissal under the provision of 11 U.S.C. § 707(b) be, and is hereby, **DENIED.**